LAW OFFICES OF KIMBERLY A. ECKERT
5235 South Kyrene Road Suite 206
Tempe, Arizona  85283
 (480) 456-4497 Fax (866) 583-6073
Kimberly A. Eckert – 015040
keckert@arizlaw.biz
**Attorney for Plaintiff**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

Lavell H. Jones,

            Plaintiff,

            v.

State of Arizona, Arizona Board of
Regents, a political subdivision of the
State of Arizona, Northern Arizona
University, a public university,
            Defendants.

CV

**COMPLAINT**

**(Request for Jury Trial)**

Plaintiff Lavell H. Jones, by and through undersigned counsel, hereby states his Complaint as follows:

1.      Plaintiff Lavell H. Jones, is a citizen and resident of Arizona.

2.      Defendant State of Arizona is the or one of the jural entities responsible for the actions of the Northern Arizona University employees.

3.      Defendant Arizona Board of Regents is a political subdivision of the State of Arizona and is the or one of the jural entities.

4.      Defendant Northern Arizona University was the employer of

Plaintiff.

5.      Jurisdiction is appropriate in this Court pursuant 28 U.S.C. § 1331, §1343, 28 U.S. Code § 1367, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, and 42 U.S.C. § 1981, the United States Constitution's due process and equal protection clauses.

6.      Venue is appropriate in the District of Arizona pursuant to 28 U.S.C. §1391.

7.      Plaintiff requests a jury trial in this matter.

8.      Title VII of the Civil Rights Act makes it "an unlawful employment practice for an employer" to "discriminate against any individual with respect to" the "terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a).

9.      Plaintiff has complied with all administrative processes and has obtained a Right to Sue Letter from the Equal Employment Opportunity Commission dated April 19, 2019. Prior to bringing suit on Title VII claims, a plaintiff must exhaust administrative remedies by filing a timely charge with the EEOC or the appropriate state agency. *B.K.B. v. Maui Police Dep't,* 276 F.3d 1091, 1099 (9th Cir. 2002) (citing *E.E.O.C. v. Farmer Bros. Co.,* 31 F.3d 891, 899 (9th Cir. 1994); 42 U.S.C. § 2000e-5(b)).

10.     Under the employment discrimination provisions of Title VII of the Civil Rights Act of 1964, filing an administrative charge with the EEOC and/or the ACRD is a statutory prerequisite to bringing a civil action asserting employment discrimination. See 42 U.S.C. § 2000e-5(e); Plaintiff complied with these requirements. "The crucial element of a charge of discrimination is the factual statement contained therein." *B.K.B.,* 276 F.3d at 1100 (quoting *Sanchez v. Standard Brands, Inc*., 431 F.2d 455, 462 (5th Cir. 1970)).

11.     Plaintiff Lavell H. Jones is a Black male who is over 40 years of age and who at all relevant times was employed by Defendant in Flagstaff, Arizona.

12.     As set forth in Plaintiff's charge, on or about March 14, 2018, an incident occurred involving an unruly student.

13.     Although Plaintiff followed the policies and procedures, he was told he did not handle it properly.

14.     On or about April 6, 2018, Plaintiff was placed on administrative leave and terminated on May 1, 2018.

15.     On December 20, 2018, Plaintiff filed his discrimination claim.

16.     Plaintiff stated that he was treated differently because of his race as well as was retaliated against for the filing of a prior EEOC claim.

17.    Plaintiff was denied promotional, professional opportunities, never given any leadership roles, and excessively disciplined.

18.    A disparate treatment claim must be supported by direct evidence of discrimination, or may instead be evaluated under the burden-of-proof-and-production analysis set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973). See, e.g., *Hawn v. Executive Jet Management, Inc.*, 615 F.3d 1151, 1155 (9th Cir. 2010) (applying McDonnell Douglas framework to Title VII discrimination claim).

19.    Under both Title VII, 42 U.S.C.A. § 2000e-3(a), it is unlawful for an employer to discriminate against an employee because he has opposed an unlawful employment practice or has "made a charge, testified, assisted or participated in any manner in an investigation, proceeding or hearing" concerning such practice.

20.    Title VII of the Civil Rights Act makes it "an unlawful employment practice for an employer" to "discriminate against any individual with respect to" the "terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a).

21.    To establish a prima facie case, plaintiffs "must offer evidence that `give[s] rise to an inference of unlawful discrimination.'" *Godwin v. Hunt*

*Wesson, Inc.*, 150 F.3d 1217, 1220 (9th Cir.1998) (alteration in original), citing *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981).

22.    Plaintiff may establish a prima facie case based on circumstantial evidence by showing that he is a member of a protected class-here a Black male, that he was qualified for the positions and performing the job satisfactorily, that he experienced adverse employment actions as he was fired, and that "similarly situated individuals outside [her] protected class were treated more favorably, or other circumstances surrounding the adverse employment action give rise to an inference of discrimination." *Peterson v. Hewlett-Packard Co.*, 358 F.3d 599, 603 (9th Cir.2004); *see also Wallis v. J.R. Simplot Co.*, 26 F.3d 885, 889 (9th Cir.1994). Here, the claimed reasons for termination were not enforced as to the others.

23.    Defendant's retaliatory actions were taken by Defendant, who had actual knowledge of Plaintiff's protected activity.

24.    Defendant's actions constituted adverse actions within the meaning of 29 U.S.C. § 215(a)(3) and 42 U.S.C. § 2000e-3(a), because refusing promotions and later terminating Plaintiff's employment would have dissuaded a reasonable person in Plaintiff's circumstances from complaining about harassment.

25.   A causal connection exists between Plaintiff's protected activity and the adverse employment action was evidenced by the lack of opportunities and promotional opportunities given to Plaintiff

26.   Plaintiff is Black male and thus belongs to a protected class.

27.   Non-Black employees were treated differently

28.   Plaintiff was qualified for the position or was performing the job satisfactorily.

29.   Others similarly situated were not treated the same.

30.   Plaintiff was terminated by Defendant.

COUNT ONE
Racial Discrimination
(Federal law)
42 U.S.C. § 2000e-2(a)

31.   Plaintiff adopts and incorporates all allegations above in paragraphs 1-30.

32.   Plaintiff was treated differently due to his race in his employment.

33.   Non-Black employees in the same position were treated differently than Plaintiff.

34.   Plaintiff was denied promotions.

35.   Plaintiff was not included on any promotional opportunities.

36.   Plaintiff was discriminated against as prohibited in Title VII of the Civil Rights Act makes it "an unlawful employment practice for an employer" to

"discriminate against any individual with respect to" the "terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a).

37.    Plaintiff was damaged by the actions of the Defendant in violation of law.

COUNT  TWO
RETALIATION
(Federal law)

38.    Plaintiff adopts and incorporates all allegations above in paragraphs 1-37.

38.    42 U.S.C. §§ 2000e to 2000e-17, 12111 to 12117 prohibits employment discrimination including retaliation under 42 U.S.C. § 2000e-3(a),

39.    The ultimate issue in a Title VII retaliation case is "whether the defendant [employer] discriminated against the plaintiff [employee] because the plaintiff engaged in conduct protected by Title VII." *Long v. Eastfield College,* 88 F.3d 300, 305 n. 4 (5th Cir.1996) (emphasis in original).

40.    Plaintiff must first establish a prima facie case of retaliation by showing that he engaged in activity protected under the statute, the employer imposed an adverse employment action, and there was a causal connection between the two actions. *Scrivner v. Socorro Independent Sch. Dist.*, 169 F.3d 969 (5th Cir.1999).

41.     If Plaintiff establishes a prima facie case, the burden shifts to the employer to articulate some legitimate nonretaliatory reason for the adverse action. *Wrighten v. Metropolitan Hosps., Inc.*, 726 F.2d 1346 (9th Cir.1984). If it does, the employee must show that the employer's proffered explanation was merely a pretext or that a discriminatory reason more likely motivated its actions. Id.

42.     Plaintiff was damaged by the actions of the Defendant in violation of case and constitutional law.

PRAYER FOR RELIEF

WHEREFORE, for the foregoing reasons, Plaintiff requests the following:

A. Damages caused by the conduct of the Defendant in an amount to be determined at trial including lost wages and emotional and physical damages;

B.  Punitive damages;

C.  Attorneys' fees and costs; and

D. And, such other and or further relief as may be justified under the applicable facts and circumstances.

DATED this 17th day of July, 2019.


/s/ Kimberly A. Eckert
Kimberly A. Eckert
Attorney for Plaintiff